UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> 10 S. Howard Street, 3rd Floor <br> Baltimore, Maryland 21201 <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, INC., <br><br> 5900 Baltimore National Pike <br> Baltimore, Maryland 21228 <br><br> Defendant. | Civil Action No. <br><br> <u>COMPLAINT &</u> <br> <u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Benjamin Zabludowski who was adversely affected by such practices. The Commission alleges that Defendant, Lowe's Home Centers, Inc., discriminated against Mr. Zabludowski, an observant Orthodox Jew, by failing to accommodate his religious beliefs and practices, which included allowing him his Sabbath observances. Defendant, however, scheduled Mr. Zabludowski to work during Sabbath instead of reasonably accommodating his religious beliefs and practices, which Defendant could have done without incurring undue hardship. Defendant eventually terminated Mr. Zabludowski for observing his Sabbath instead of appearing to work his scheduled shift.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Lowe's Home Centers, Inc. (the "Employer"), has continuously been a North Carolina corporation doing business in the State of Maryland, and the City of Catonsville, and has continuously had at least fifteen employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Benjamin Zabludowski filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June, 2005, Defendant Employer has engaged in unlawful employment practices at its Catonsville, Maryland facility, Store #624, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a). These practices include failing to reasonably accommodate and discharging Benjamin Zabludowski on the basis of his religion. Mr. Zabludowski, an observant Orthodox Jew, was required to observe his Sabbath, which necessitated not being scheduled to work from Friday afternoons through Saturday sundown, a religious obligation which he made clear to Defendant from the beginning of his employment when he noted such unavailability on his application and his employee profile form. Despite Mr. Zabludowski's repeated requests for accommodation, Defendant informed him that it does not accommodate him; that he must accommodate Lowe's. Defendant refused to reasonably accommodate the conflict between its employment requirements and Mr. Zabludowski's religious beliefs and practices, resulting in his discharge.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Benjamin Zabludowski of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Benjamin Zabludowski.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of religion by not providing reasonable accommodations and/or terminating individuals because of their religious practices in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

      B.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons who oppose practices made unlawful under Title VII or who participate in investigations and proceedings under this Title, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant Employer to make whole Benjamin Zabludowski by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement to his position, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      D.      Order Defendant Employer to pay Benjamin Zabludowski punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

      E.      Order Defendant to make whole Benjamin Zabludowski by providing compensation for non-pecuniary losses, including emotional pain, suffering, and mental anguish, in amounts to be proven at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public interest.

      G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the Complaint.

    Respectfully submitted,

    JAMES L. LEE
    Acting General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    /s/_____
    JACQUELINE H. McNAIR
    Regional Attorney

    /s/_____
    DEBRA M. LAWRENCE
    Supervisory Trial Attorney

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Baltimore Field Office
    10 S. Howard Street, 3rd Floor
    Baltimore, Maryland  21201
    (410) 962-4349